UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-03495-MWF (PJWx)**               Date: **July 2, 2013**

Title:   Travis Calloway, Jr., et al. -v- Wells Fargo Bank N.A., et al.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                              None Present

PROCEEDINGS (IN CHAMBERS): ORDER REMANDING ACTION TO STATE COURT, AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [4]

On June 19, 2013, the Court issued an Order to Show Cause Re: Subject Matter Jurisdiction. (Docket No. 10). Defendant Wells Fargo Bank, N.A.'s Notice of Removal (Docket No. 1) had not adequately alleged subject matter jurisdiction. (*See* Docket No. 10).

The Court ordered Wells Fargo to show cause, in writing, on or before June 24, 2013, why this action should not be dismissed for lack of subject matter jurisdiction. Wells Fargo has not responded to the Court's Order or otherwise demonstrated a valid basis for subject matter jurisdiction.

A "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, Wells Fargo has not done so.

The Court notes that, even if Wells Fargo had responded, it almost certainly would not have been possible to establish complete diversity. The Court is persuaded by the reasoning of *Martinez v. Wells Fargo Bank*, -- F. Supp. 2d --, No. C-12-6006 EMC, 2013 WL 2237879 (N.D. Cal. May 21, 2013), and similar decisions that a national banking association is a citizen of the state in which its

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-03495-MWF (PJWx)**                    Date:  **July 2, 2013**

Title:       Travis Calloway, Jr., et al. -v- Wells Fargo Bank N.A., et al.

---

main office is located (as designated by its articles of association) *and* the state of its principal place of business.  (*See* Docket No. 10 at 2 (noting that the "Calloways are citizens of California, and that Wells Fargo's principal place of business likewise is in California").

     Accordingly, this action is REMANDED to the Superior Court of the State of California for the County of Los Angeles.

     Wells Fargo's Motion to Dismiss Complaint (Docket No. 4) is hereby DENIED AS MOOT.

     This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

     IT IS SO ORDERED.